# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CRAIG A. LOZANOVSKI, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )   CAUSE NO. 2:15-CV-454-RL-PRC <br> ) |
| OFFICER SCOTT BOURRELL, in his <br> individual capacity, et al., <br>     Defendants. | ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on a Verified Motion for Leave of Court to File Service of Process [DE 40], filed by Plaintiff Craig A. Lozanovski on March 16, 2017. Defendants Scott Bourrell, Derrell Josleyn, Robert Ballas, and Mille Knezevic filed a response on April 5, 2017, and Plaintiff filed a reply on April 25, 2017.

In a January 24, 2017 Opinion and Order, the Court set a new deadline of February 23, 2017, for Plaintiff to serve Defendants. On February 14, 2017, Plaintiff filed an Affidavit of Special Process Server and Certificates of Service signed by Susan Mack and dated February 7, 2017. In the Certificates of Service, Mack certified that she had the authority to accept service on behalf of Defendants and had been served. On March 7, 2017, Defendants filed a Motion to Dismiss on the basis that they had not been served. Defendants assert that Mack did not have authority to accept service on behalf of Defendants. On March 16, 2017, Plaintiff attached an exhibit to the instant motion. The exhibit is an Affidavit of Special Process Server and Certificates of Service signed by Kathleen Broukal and dated March 8, 2017. In the Certificates of Service, Broukal certified that she had the authority to accept service on behalf of Defendants and had been served. Defendants maintain that Broukal did not have authority to accept service on behalf of Defendants. Plaintiff filed

Affidavits of Service on April 25, 2017, indicating individual service on Defendants occurring between March 21, 2017, and April 29, 2017.

Because Plaintiff already received a new deadline to serve Defendants, Plaintiff must meet the excusable neglect standard of Federal Rule of Civil Procedure 6(b) and not the good cause standard of Rule 4(m). *See United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

Plaintiff has shown excusable neglect. Upon receiving the new deadline to serve Defendants, Plaintiff acted promptly and made his first attempt to serve Defendants on February 7, 2017. Upon learning that Defendants did not authorize Mack to accept service, Plaintiff again acted promptly and made a second attempt on March 8, 2017. When Defendants communicated that Broukal was also not authorized to accept service, Plaintiff switched to attempting individual service, and the Affidavits reflecting individual service show that Plaintiff once again acted promptly in seeking to achieve service.

Based on the foregoing, the Court hereby **GRANTS** the Verified Motion for Leave of Court to File Service of Process [DE 40]. The Court **NOTES** that Affidavits of Special Process Server indicating individual service on Defendants have been filed at docket entries 51-1, 51-2, 51-3, and 52-1.

So ORDERED this 1st day of February, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT