```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


CRAIG A. LOZANOVSKI,        )
                            )
Plaintiff,                  )
                            )
vs.                         )     NO. 2:15-CV-454
                            )
OFFICER SCOTT BOURRELL,     )
in his individual           )
capacity, et al.,           )
                            )
Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed by the defendants on March 7, 2017. (DE #38.) For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

The plaintiff, Craig A. Lozanovski ("Plaintiff"), filed a complaint against the defendants, the City of Crown Point, Indiana, Officer Scott Bourrell, Officer Derrell Josleyn, Officer Robery Ballas, and Officer Mille Knezevic (collectively, "Defendants"), on December 16, 2015. (DE #1.) On June 29, 2016, Defendants filed a motion to dismiss the complaint, arguing that Defendants had not

-1-

been properly served, that the claims against the defendant police officers in their official capacities were redundant and improperly sought to hold the City liable on the basis of vicarious liability, and that Plaintiff had not alleged a sufficient factual basis to support entity liability. (DE #16.) With the permission of the Court, Plaintiff subsequently filed an amended complaint. (See DE #24 & DE #25.) On August 8, 2016, Defendants filed a motion to dismiss the amended complaint, again arguing that Defendants had not been properly served and that Plaintiff had not alleged a sufficient factual basis to support entity liability. (DE #26.) On January 24, 2017, Judge Theresa L. Springmann[1] granted in part and denied in part the motion. (DE #33.) The claims against the City of Crown Point, Indiana were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Plaintiff was ordered to perfect service of process upon the remaining Defendants by February 23, 2017. (*Id.*)

On February 14, 2017, Plaintiff filed an Affidavit of Special Process Server and Certificates of Service signed by Susan Mack, Deputy Clerk ("Ms. Mack") and dated February 7, 2017. (DE #34.) In the Certificates of Service, Ms. Mack certified that she had the authority to accept service on behalf of Defendants and had been served. (DE #34.) On March 7, 2017, Defendants filed the instant

---

[1] The case was reassigned to the undersigned Judge on May 1, 2017. (DE #53.)

motion to dismiss on the basis that they had not been properly served because Ms. Mack did not have the authority to accept service on behalf of Defendants. (DE #38.) On March 16, 2017, Plaintiff filed a verified motion for leave to file service of process, attaching an exhibits entitled Affidavit of Special Process Server and Certificates of Service signed by Kathleen Broukal ("Ms. Broukal") and dated March 8, 2017. (DE #40, DE #40-1, & DE #40-2.) In the Certificates of Service, Ms. Broukal certified that she had the authority to accept service on behalf of Defendants and had been served. (DE #40-2.)

On March 21, 2017, Plaintiff filed a response to the instant motion to dismiss, arguing that he believed service had been perfected on February 7, 2017, and upon learning that Defendants claimed Ms. Mack did not have authority to accept service on their behalf, he immediately arranged for the summons and complaints to be re-served the next day as described in the preceding paragraph. (DE #41.)

On April 5, 2017, Defendants filed a reply to the instant motion to dismiss as well as a response to the motion for leave to file service. (DE #46 & DE #47.) In both, Defendants maintain that service was not perfected because Ms. Broukal did not have the authority to accept service on behalf of Defendants, and they argue that Plaintiff should not be afforded any additional time to file service of process. (*Id.*)

Plaintiff filed a reply in support of his motion for leave to file service of process on April 25, 2017, arguing that he had been making good faith efforts to effectuate process since the inception of this case. (DE #51.) Plaintiff also submitted Affidavits of Service that same day, indicating individual service on Defendants occurring between March 21, 2017, and April 19, 2017. (DE #51-1, DE #51-2, DE #51-3, & DE #52-1.)

On February 1, 2018, Magistrate Judge Paul R. Cherry issued an opinion and order granting the motion for leave to file service of process, in which he determined that Plaintiff had shown excusable neglect regarding the missed deadline previously set by the Court. (DE #54.) Specifically, Judge Cherry stated:

> Upon receiving the new deadline to serve Defendants, Plaintiff acted promptly and made his first attempt to serve Defendants on February 7, 2017. Upon learning that Defendants did not authorize [Ms.] Mack to accept service, Plaintiff again acted promptly and made a second attempt on March 8, 2017. When Defendants communicated that [Ms.] Broukal was also not authorized to accept service, Plaintiff switched to attempting individual service, and the Affidavits reflecting individual service show that Plaintiff once again acted promptly in seeking to achieve service.

(*Id*.) The instant motion to dismiss (DD #38) is now fully ripe for adjudication.

DISCUSSION

Defendants have moved to dismiss this case for lack of

personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(5) due to Plaintiff's alleged failure to properly serve Defendants with a copy of the summons and complaint. Under a Rule 12(b)(2) motion for lack of personal jurisdiction, the burden is on the plaintiff to establish that the court has jurisdiction over the defendant. *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987). Motions made under Rule 12(b)(5) challenging process and service of process have the same standard of review as Rule 12(b)(2) motions because "valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Valid service on an individual within a judicial district of the United States may be effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Indiana law, service may be made on an individual by:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> (2) delivering a copy of the summons and complaint to him personally; or
> (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> (4) serving his agent as provided by rule, statute or valid agreement.

Ind. T.R. 4.1(A). When service is made pursuant to either of the last two methods described above, a copy of the summons and complaint must be sent via first class mail to the last known address of the person being served. Ind. T.R. 4.1(B). If proper service is not accomplished, Rule 4(m) contemplates dismissal as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

When considering a failure to serve a defendant within the required timeframe, the "court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If a plaintiff establishes good cause,

the court is required to afford the plaintiff additional time for service. *Id.*; Fed. R. Civ. P. 4(m). Even when good cause has not been shown, a court still has discretion to permit service after the 120 day period. *Panaras*, 94 F.3d at 340 (citation omitted). In coming to this decision, a court must balance the relative hardships of the parties and can look to several factors including: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011); see also *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

In its motion, Defendants argue that this case should be dismissed because Plaintiff failed to perfect service for over eleven months following the time he first became aware that there was an issue. Plaintiff responds by arguing that dismissal is unwarranted because he continually made good faith efforts to properly serve Defendants and was eventually able to individually serve each Defendant by April of 2017. Indeed, Judge Cherry found that Plaintiff had shown excusable neglect and granted his motion for leave to file service beyond the previous deadline set by the

Court, noting that affidavits evincing individual service on Defendants had been filed on the docket. The question is whether that service of process enough to stave off dismissal.

A balance of the relevant factors leads the Court to conclude, in its discretion, that dismissal is unwarranted. While good cause has not been shown, the Court agrees with Judge Cherry's analysis that an extension of time to file service of process was warranted on the basis of excusable neglect. Plaintiff repeatedly attempted to perfect service both before and after the Court ordered deadline of February 23, 2017. In fact, Plaintiff's counsel believed he had properly served Defendants as of February 7, 2017, and he acted promptly to address the issue as soon as Defendants filed their motion to dismiss; this included switching to individual service as a final measure after the previous methods had been challenged as ineffective. And, the record reflects that all Defendants were individually served by April 19, 2017, less than two months after the Court's deadline.[2] Moreover, while there is no compelling evidence to suggest that Defendants purposefully attempted to evade service, it is reasonable to conclude that they had actual notice of the lawsuit from very early on; counsel for all Defendants entered appearances on their behalf on April 28, 2016 (DE #8 & DE

---

[2] Process server Lisa Everett attests that she delivered copies of the summons, complaint, and amended complaint personally to Officer Ballas on April 4, 2017 (DE #51-1), to Officer Josleyn on March 24, 2017 (DE #51-2), to Officer Knezevic on March 21, 2017 (DE #51-3), and to Officer Bourrell on April 19, 2017 (DE #52-1). See Fed. R. Civ. P. 4(e)(2)(A); see also Ind. T.R. 4.1(A)(2).

#9) and have continuously advocated for them since that time. Thus, it is clear that Defendants' ability to defend the suit has not been hampered by the delay in perfecting service. Finally, dismissing this case would be fatal to Plaintiff's claims, as it is undisputed that the statute of limitations has already run. See *Cardenas*, 646 F.3d at 1007 (citing *Panaras*, 94 F.3d at 341) (courts "should pay particular attention to a critical factor such as the running of a statute of limitations"). Because a balance of the foregoing factors weighs heavily against dismissal, the Court, in its discretion, will permit the service of the complaint and summons filed beyond the original deadline and declines to dismiss this case pursuant to Rule 12(b)(5).

CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (DE #38) is **DENIED**.

**DATED: February 15, 2018**           /s/RUDY LOZANO, Judge
                                       **United States District Court**